In re William George TAUTER,
Debtor.

No. 08–1106–3F7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 24, 2009.

904

E. Warren Parker, Jr., Parker & DuFresne, P.A., Jacksonville, FL, for Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(1) Based on Presumption of Abuse Arising under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3). The Court conducted a hearing on the matter on November 19, 2008. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On February 29, 2008 Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Along with the petition Debtor filed Schedules A through J, a Statement of Financial Affairs, a Statement of Intentions, and a statement of Monthly Income and Disposable Income Calculation (the "Form 22C"). On his Schedule F Debtor listed unsecured non-priority debt of $70,763.00.[1]

---

1. The unsecured non-priority claims filed in the case total $80,273.19.

On May 27, 2008 Debtor filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7. On June 19, 2008 Debtor filed Amended Schedules B, C, I and J, an Amended Summary of Schedules, a Statement of Intentions, and a Chapter 7 Statement of Current Monthly Income and Means Test Calculation (the "Form 22A").

Debtor is 42 years old and has been employed by the United States Postal Service for 22 years. Debtor has owned his home for approximately twenty years. Debtor is current on the payments and intends to retain his home.

Debtor owns a Thrift Savings Plan/401k ("TSP") to which he has contributed for 21 years. Although Debtor's schedules and amended schedules indicate Debtor's TSP has a balance of $16,300.00 (Trustee's Exhibits 2 and 4), the actual balance in Debtor's TSP is approximately $100,000.00. Debtor contributes $204.86 monthly to his TSP.

On August 17, 2005 Debtor borrowed $44,906.00 from his TSP. Debtor testified that he took out the loan for the purpose of consolidating a number of other bills and as a result was able to reduce the overall interest he was paying on all of his other debt. Since that time Debtor has been repaying the loan. Debtor's monthly loan repayment is $836.59. Debtor has two years left on the TSP loan. Although Debtor testified that he believes the repayment of the TSP loan is a condition of his employment, Debtor has no documentation to that effect. After taking out the TSP loan, Debtor incurred in excess of $70,000.00 in unsecured debt, approximately $30,000.00 of which was to pay legal fees for a D.U.I. charge.

Debtor testified that he converted his case from Chapter 13 to Chapter 7 because he was going to have to replace his car, a 1994 Honda, and would not have been able to drive it for five years, the length of his Chapter 13 plan. Debtor

testified that he intends to replace the TSP loan repayment with a car payment.

Debtor's monthly disposable income on Line 50 of his Form 22A is $956.97. Debtor lists his TSP contribution and loan repayment as additional expense claims on Line 56 of his Form 22A, claiming total additional expense claims of $1,041.45. Prior to the hearing on the United States Trustee's Motion to Dismiss Debtor provided no further explanation as to why the 401k contribution and loan repayment were 1) reasonable and necessary and 2) expenses for which there is no reasonable alternative.

### Conclusions of Law

In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") Congress made sweeping changes to the Bankruptcy Code to address perceived abuses of the bankruptcy system and to ensure that debtors with the ability to repay their debts do so. Section 707(b)(1) of the Bankruptcy Code provides that a court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. Section 707(b)(2)(A)(i) requires a court to presume that abuse exists if the debtor's current monthly income, reduced by allowed deductions and multiplied by 60, is greater than or equal to the greater of 25% of the debtor's nonpriority, unsecured claims or $6,575, whichever is greater, or $10,950.

Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $109.58 per month in net income (i.e., less than $6,575 to fund a 60–month plan), the filing is not presumed abusive. If the debtor has monthly net income of $182.50 or more (i.e., at least $10,950 to fund a 60–month plan), the filing is presumed abusive. Finally, if the debt-

or's net monthly income is more than $109.58 but less than $182.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay $25% or more of the debtor's non-priority, unsecured debts.

■ A debtor may only rebut the presumption of abuse by demonstrating special circumstances, such as a serious medical condition or order to active duty service in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). A debtor claiming special circumstances must provide itemized documentation of his expenses or a detailed explanation of the special circumstances, which justify the expenses for which there is no reasonable alternative.

■ It is undisputed that Debtor's debts are primarily consumer debts. Additionally, Debtor's Form 22A reflects $956.97 in disposable income, triggering the presumption of abuse. However, Debtor included $1,041.45 (comprised of $204.86 for Debtor's monthly TSP contribution and $836.59 for Debtor's monthly TSP loan repayment) as additional expenses on line 56 of the Form 22A.

Debtor argues that the Court's decision in *In re Garrett*, 07–3997 (January 18, 2008) permits a reduction in disposable income for both the TSP contribution and the TSP loan repayment. In *Garrett* the Court held that based upon the addition of §§ 541(b)(7) and 1322(f) to the Bankruptcy Code, retirement account contributions and the repayment of a loan secured by a retirement account do not constitute disposable income in a Chapter 13 case. The Court holds that *Garrett* does not apply in a Chapter 7 case. With respect to retirement account contributions, § 541(b)(7) clearly provides that contributions withheld from an employee's wages constitute

property of the estate but do not constitute disposable income as defined in § 1325(b)(2). As to a TSP loan repayment, it is telling that Congress did not provide special treatment for qualified retirement plan loan repayments in the Chapter 7 means test calculation. *See In re Whitaker*, 2007 WL 2156397 (Bankr. N.D.Ohio July 25, 2007). A court must presume that Congress intentionally failed to incorporate §§ 362(b)(19) and 1322 into the means test. *In re Barraza*, 346 B.R. 724, 731 (Bankr.N.D.Tex.2006).

■ Alternatively, Debtor argues that the contribution to his TSP and the TSP loan repayment constitute special circumstances under § 707(b)(2)(B)(ii). "[T]he universe of special circumstances is not limited to serious medical conditions and active duty ..." *In re Turner*, 376 B.R. 370, 378 (Bankr.D.N.H.2007). However, only circumstances, which are similar in nature to the two enumerated examples are sufficient to rebut the presumption of abuse. *In re Smith*, 388 B.R. 885, 888 (Bankr.C.D.Ill.2008) (citing *In re Hanks*, 362 B.R. 494, 501–502 (Bankr.D.Utah 2007)). "The similarity in nature of the two examples is that they are life circumstances that directly and unavoidably affect one's earning capacity or give rise to necessary, additional expenses." *Id.*

The Court holds that Debtor's contribution to his TSP is not a special circumstance. Debtor's contribution to his TSP is an entirely voluntary action, the antithesis of an expense for which there is no reasonable alternative. Other courts have similarly held. *In re Robinette*, 2007 WL 2955960 (Bankr.D.N.M. October 2, 2007)(finding 401k contribution not a special circumstance because it was non-mandatory, not reasonable or necessary, and expense for which debtors had alternative); *In re Johns*, 342 B.R. 626, 629 (Bankr.E.D.Okla.2006)(rejecting debtors'

argument that zero payment to unsecureds in a chapter 13 resulting from among other things, debtors' ability to deduct 401k contributions in a chapter 13, was a special circumstance).

■ The Court turns to the issue of Debtor's TSP loan repayment. Most courts which have addressed the issue of whether a debtor's 401k loan repayment is a special circumstance sufficient to rebut the presumption of abuse have concluded that it is not. *See In re Eisen v. Thompson,* 370 B.R. 762, 773 (N.D.Ohio 2007)(reversing bankruptcy court and holding that circumstances which lead to 401k loan may be "special" but finding that debtors took out the loan because of their "longstanding general inability to keep up with their obligations to creditors"); *Smith,* 388 B.R. at 886 (holding that 401k loan repayment is not a secured debt and debtor's desire to repay loan coupled with potential minimal payout in chapter 13 is not a special circumstance); *In re Mowris,* 384 B.R. 235, 240 (Bankr.W.D.Mo.2008)(finding no evidence that mere existence of debtors' retirement loans rose to level of special circumstances in light of debtors' failure to offer explanation or evidence that anything other than ordinary circumstances led to 401k loan); *In re Turner,* 376 B.R. at 378 (holding that a 401k loan repayment may be a special circumstance if loan was taken out for a "special" reason other than general financial problems preceding almost every bankruptcy and finding that debtors failed to prove "special" reason); *In re Johns,* 342 B.R. 626, 628 (Bankr.E.D.Okla.2006)(rejecting debtors' argument that zero payment to unsecureds in a chapter 13 resulting from among other things, debtors' ability to deduct 401k loan repayment in a chapter 13, was a special circumstance); *but see In re Cribbs,* 387 B.R. 324 (Bankr.S.D.Ga.2008) (holding that circumstance under which debtors took out a 401k loan was a special circumstance).

■ The Court agrees with those courts, which hold that while the mere obligation to repay a 401k loan is not in and of itself a special circumstance, a debtor's reason for taking out the loan in the first instance may constitute a special circumstance. In the instant case the Court finds that Debtor's reason for taking out the TSP loan does not constitute a special circumstance. Debtor also argues that the necessity to replace his 14 year old vehicle, the potential tax consequences of not paying back the TSP loan, and the likelihood that there will be no payment to unsecured creditors in a Chapter 13 constitute special circumstances. The Court finds that none of these factors constitutes special circumstances.

■ Finally, although it is not dispositive in the instant case, the Court finds that Debtor failed to timely produce evidence of special circumstances. As the Court noted, the statute requires that a debtor who claims special circumstances provide itemized documentation of his expenses or a detailed explanation of the special circumstances, which justify the expenses for which there is no reasonable alternative. The Court interprets this provision to require a debtor to produce detailed and itemized written documentation to the United States Trustee along with the Form 22A. In the instant case such documentation would have included a detailed explanation of the alleged special circumstances which caused Debtor to take out the 401k loan in the first instance as well as the upcoming need to purchase another vehicle.

### CONCLUSION

Debtor's monthly disposable income triggered the presumption of abuse. Debtor's contribution to his TSP and the circumstances under which he borrowed money from his TSP are not special cir-

cumstances, which rebut the presumption of abuse. Additionally, Debtor's potential need to replace his 14 year old vehicle, the potential tax consequences of not paying back the TSP loan, and the likelihood that there will be no payment to unsecured creditors in a Chapter 13 do not constitute special circumstances. Because Debtor failed to rebut the presumption of abuse, Debtor is not entitled to Chapter 7 relief. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS

This case came before the Court upon Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(1) Based on Presumption of Abuse Arising under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3) filed by the United States Trustee. Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. The United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(1) Based on Presumption of Abuse Arising under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3) is granted as to 11 U.S.C. § 707(b)(2).

2. The effective date of this Order will be delayed fifteen days to permit Debtor to convert the case to Chapter 13.